IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA  PLAINTIFF

v.  CRIMINAL NO. 5:07CR24DCB-JCS

CHRISTOPHER SCOTT BOYD  DEFENDANT

### PRELIMINARY ORDER OF FORFEITURE

PURSUANT to an Agreement between Defendant, Christopher Scott Boyd, by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter "the Government"), **Christopher Scott Boyd** as stated in open Court, the Court finds as follows:

1. The defendant is fully aware of the consequences of his having agreed to forfeit to the Government his interests in the property described below, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of such consequences, entered into said Memorandum of Understanding with the Government to forfeit such property.

2. The defendant has agreed that the property described below is property that the defendant used to commit, or to facilitate the commission of, the offense charged in Count 2 of the indictment. Such property is, therefore, subject to forfeiture pursuant to Title 18 United States Code, Section 924(d) and Title 28 United States Code, Section 2461(c).

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a. That the defendant shall forfeit to the United States,

  (1) **Colt 45 caliber, semi-automatic pistol, Model M1991A1, serial number CJ22069,**

  (2) **Titanic, 32 caliber, revolver, serial number 18862, and**

      (3)      **All ammunition seized from the vehicle of defendant, Christopher Scott Boyd, on September 18, 2007**

b.    The Court has determined, based on the evidence already in the record, that the following property is subject to forfeiture pursuant to 18 United States Code, Section 924(d) and 28 United States Code, Section 2461(c), that the defendant had an interest in such property[1] and that the government has established the requisite nexus between such property and such offenses :

      (1)      **Colt 45 caliber, semi-automatic pistol, Model M1991A1, serial number CJ22069,**

      (2)      **Titanic, 32 caliber, revolver, serial number 18862,** and

      (3)      **All ammunition seized from the vehicle of defendant, Christopher Scott Boyd, on September 18, 2007**

c.    The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. No such

---

[1] Rule 32.2(b) provides that the court must defer determining whether or not the defendant has an interest in the forfeited party until the ancillary proceeding when third parties are entitled to contest the forfeiture on the ground that the property belongs to them, and not to the defendant. However, if no third party files a claim, the court must make a determination that the defendant (or some combination of defendants) has an interest in the property before the preliminary order of forfeiture becomes final. See Rule 32.2(c)(2). In some situations, it may be advisable to foreclose the separate determination of interest under Rule 32.2 by having the court make that determination "up front" upon entering the preliminary order of forfeiture. In other situations, e.g., where the defendant is planning to object to the order of forfeiture on the ground that the property belongs to a third party, it may be better to take advantage of Rule 32.2(b) and postpone the determination of interest until the ancillary proceeding.

notice is required to the extent that this Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1).

d. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1).

e. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

f. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

g. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

h.     The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward four certified copies of this order to the U.S. Attorney's Office, 188 E. Capitol Street, Suite 500, Jackson, MS 39201.

SO ORDERED AND ADJUDGED this 25th day of September 2008.

*/s/ David Bramlette*
HONORABLE DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE